# IN THE COURT OF APPEALS OF IOWA

No. 16-0348
Filed May 11, 2016

**IN THE INTEREST OF J.S.,**
**Minor child,**

**B.S, Father,**
Appellant.

**O.S., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

The mother and father separately appeal from a permanency order transferring guardianship of the parties' oldest child to the paternal grandmother. **AFFIRMED ON BOTH APPEALS.**

Martha L. Cox, Bettendorf, for appellant mother.

Tammy Westhoff Gentry of Parrish, Kruidenier, Dunn, Boles, Gribble, Gentry, Brown & Bergman, L.L.P., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Dana L. Copell and Timothy J. Tupper, Davenport, for minor child.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

The mother and father of J.S. separately appeal from a permanency order changing the goal of the case plan from reunification to guardianship and transferring guardianship of J.S. to the paternal grandmother. This is the third time this matter has come before the court. The relevant facts and circumstances are set forth in our prior opinions and need not be repeated herein. *See In re J.S.*, No. 15-0475, 2015 WL 4161316, at *1-2 (Iowa Ct. App. July 9, 2015); *In re J.S.*, No. 14-1014, 2014 WL 4938012, at *1 (Iowa Ct. App. Oct. 1, 2014). On appeal, the parents contend the department of human services failed to make reasonable efforts to reunify the family and the parents should have been given six additional months to work toward reunification.

On de novo review, *see In re A.A.G.*, 708 N.W.2d 85, 90 (Iowa Ct. App. 2005), we affirm the permanency order. In short, the parents' contentious and combative behavior with all persons involved in this case, including the juvenile court, their daughter, a prior foster family, the social workers, and the therapists, interfered with the services offered and effectively precluded reunification with the child. There was and is no reasonable prospect of the parents making the necessary behavioral changes to facilitate reunification; the disqualifying behavior has gone on for years. While there is no doubt the parents love the child, their unceasing contentiousness caused her severe psychological harm and drove her away. She is now thriving with the paternal grandmother and is in need of stability. Her best interests are served by the permanency order. We need not repeat the detailed findings and conclusions set forth in the

permanency order. We adopt them as our own and affirm the juvenile court without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), and (e).

**AFFIRMED ON BOTH APPEALS.**